FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 07 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

PABLO HERNANDEZ,

Defendant.

---

09-CR-703

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On January 7, 2010, Pablo Hernandez plead guilty to Count Four of a superseding indictment, which charged that on July 22, 2006, the defendant received images captured in a computer screenshot of child pornography in violation of 18 U.S.C. § 2252(a)(2).

Hernandez was sentenced on May 19, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 30 and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of 97 to 121 months. The calculation of the total offense level included enhancements under U.S.S.G. §2G2.2, including a two-point enhancement because the offense involved images of minors under 12 years old, a four-point enhancement because the offense involved images that depicted violence to children; a two-pint enhancement because the offense involved the use of a computer to obtain and store the images, and a five-point enhancement because the offense involved over 600 images. Even if these calculations were excessive from defendant's point of view, *see, e.g., United States v. Dorvee*, No. 09-CR-0648, 2010 WL 1852930 (2d Cir. May 11, 2010), the sentence would be the same under 3353(a). The offense carried a minimum term of imprisonment of 5 years and a maximum term of imprisonment of 20 years. 18 U.S.C. § 2252(b)(1). The guidelines range of fine was from $15,000 to $150,000. The open counts were dismissed by the court.

Hernandez was sentenced to 5 years' incarceration and 5 years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine. A separate order of forfeiture was issued.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense is serious. The defendant has a stable and supportive family and good work history, and is intelligent. He poses no risk of acting out toward any children.

A sentence non-Guideline sentence of 5 years' imprisonment is unnecessarily cruel in the circumstances. The sentence overstates the seriousness of the crime; it is more than necessary to serve the purpose of sentencing. *See* 18 U.S.C. § 3553(a)(2)(A). Prison will only harm the defendant and will do nothing to protect society. The defendant requires treatment and supervision outside of prison.

Under section 3353(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is more than satisfied with the sentence imposed. The sentence will send a clear message that any involvement in child pornography will result in a substantial prison sentence. Specific deterrence could be achieved without incapacitation, but through treatment and supervision. It is unlikely that the defendant will engage in further criminal activity in light of his demonstrated regret and remorse, significant efforts at rehabilitation, and support of his family.

The case constitutes a tragedy resulting from a mandatory minimum and the decision of the U.S. Attorney to charge the defendant for receipt of child pornography, rather than under a

more apt statute that would permit treatment outside of prison, the development of a useful life for the defendant, and huge cost savings for taxpayers. In light of the statutory minimum, there is nothing this court can do to ease the injustice of the sentence imposed.

Jack B. Weinstein
Senior United States District Judge

Dated: May 28, 2010
Brooklyn, New York