UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,            MEMORANDUM & ORDER
                                                              09-CR-703

    -against-

PABLO HERNANDEZ,

              Defendant.
-----------------------------------------------------------x

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I. Introduction ................................................................................................................. 1
II. Factual Background and Procedure ........................................................................... 1
III. Law .............................................................................................................................. 3
IV. Application of Law to Facts ........................................................................................ 5
V. Conclusion ................................................................................................................... 8

### I.    Introduction

Defendant was convicted of receipt of child pornography. As a condition of his supervised release, he was not permitted to attend church services with minors present. For the reasons stated below this condition unconstitutionally restricts defendant's First Amendment right to participate in religious rites.

### II.    Factual Background and Procedure

Defendant is a thirty-eight year old male. *See* Violation of Supervised Release Report, Aug. 19, 2016 ("Aug. 19 S.R."), at 2. On January 7, 2010, he pled guilty to having received

1

images of child pornography, in violation of 18 U.S.C. § 2252(a)(2). *See* Revised Presentence Investigation Report, May 19, 2010, at ¶ 1.

On May 19, 2010, he was sentenced to five years in custody and five years of supervised release. *See* Criminal Cause for Sentencing, May 19, 2010, ECF No. 38; J. as to Pablo Hernandez, June 7, 2010, ECF No. 42; Am. J. as to Pablo Hernandez, June 30, 2010, ECF No. 44. Released from prison, he was placed under supervision on September 16, 2014. Addendum to Violation of Supervised Release Report, Aug. 30, 2016 ("Aug. 30 S.R."), at 1.

Defendant is subject to conditions as part of his supervised release term. He may not use a computer, Internet capable device, or similar electronic device to access pornography of any kind. Aug. 19 S.R. at 3. He must participate in a mental health treatment program. *Id.* at 4. And he may not associate with any children under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department. *Id.* at 4-5.

On August 16, 2016, defendant violated the condition that he not use an Internet capable device to access pornography. He was found to be in possession of a PSP device he used to access pornography. *Id.* at 8-9.

Between his release date and August 16, 2016, defendant was found to have had physical contact with several minors while attending religious services at his church. *See* Aug. 30 S.R., at 1-2. Defendant had developed a friendship with a minor female at his church, and had hugged several minors. As a result of this conduct, defendant was automatically discharged from his sex-offender specific treatment facility. He was then in violation of the supervised release condition that he participate in a mental health treatment program. *Id.* at 2.

On August 23, 2016, defendant appeared before a magistrate judge, who added a religious service condition. He ordered that defendant continue with the terms of supervised

release and, as a condition for bail, "can't attend church services where minor[s] are present." Order Setting Conditions of Release and Appearance Bond as to Pablo Hernandez, Aug. 23, 2016, ECF No. 53.

On September 6, 2016, this court ordered that the bail condition restricting defendant from attending church services where minors are present be modified to permit attendance without touching; the bail term violates defendant's First Amendment rights. Hr'g Tr., Sept. 6, 2016 ("Hr'g Tr."), 13:24-14:3, 18:25-20:23. All other conditions of supervised release remained in effect. The bail condition was modified so that defendant may attend religious services with minors present but must not touch them and must seek advance consent from the Probation Department to attend services. *Id.* at 20:3-20:24 (a separate consent is not required for each attendance).

### III. Law

The free exercise clause of the First Amendment "embraces both the freedom to believe and the freedom to act according to those beliefs." *United States v. Kahane*, 396 F. Supp. 687, 698 (E.D.N.Y. 1975), *modified sub nom. Kahane v. Carlson*, 527 F.2d 492 (2d Cir. 1975) (citing *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940)). "[T]he First Amendment rights of parolees are circumscribed," *Farrell v. Burke*, 449 F.3d 470, 497 (2d Cir. 2006). The government may "impose restrictions on the rights of the parolee that are reasonably and necessarily related to the interests that the Government retains after his conditional release." *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972). But, "[w]here a condition of supervised release impairs a protected associational interest . . . application of [§ 3583(d) requirements] must reflect the heightened constitutional concerns involved." *United States v. Reeves*, 591 F.3d 77, 82-83 (2d Cir. 2010) (internal quotation marks and citation omitted).

To be valid, a supervised release restriction must be "reasonably related" to the sentencing objectives of 18 U.S.C. § 3553(a). It must be "designed, in light of the crime committed, to promote the [defendant's] rehabilitation and to insure the protection of the public." *Reeves*, 591 F.3d at 81–82 (quoting *United States v. Tolla,* 781 F.2d 29, 34 (2d Cir. 1986)); 18 U.S.C. § 3583(d).

Conditions of supervised release must be "narrowly tailored to serve a compelling government interest" so as not to unnecessarily deprive a defendant of his liberty. *Reeves*, 591 F.3d at 82-83 (2d Cir. 2010) (internal quotation marks and citations omitted) (condition that defendant convicted for possession of child pornography notify probation department when entering into a significant romantic relationship and to notify the partner of his conviction was unconstitutionally vague); *United States v. Bello*, 310 F.3d 56 (2d Cir. 2002) (bar on watching television was an impermissible condition of supervised release); *United States v. Sofsky*, 287 F.3d 122 (2d Cir. 2002) (condition limiting defendant's use of computers following his conviction of receiving child pornography on his computer; case remanded for revision); *United States v. Wolf Child*, 699 F.3d 1082, 1101 (9th Cir. 2012) (supervised release condition restricting defendant from associating with his family was unreasonable and overbroad, especially because he was *prevented from "taking his children to places of worship"* (emphasis added)); *United States v. Loy,* 237 F.3d 251 (3d Cir. 2001) (condition that restricted defendant's access to all forms of pornography where defendant had been convicted of possessing child pornography was remanded for clarification).

Upheld have been supervised release conditions preventing defendants convicted of sex offenses from associating with minors. *See, e.g.*, *United States v. Crume*, 422 F.3d 728, 733-34 (8th Cir. 2005) (condition barring defendant convicted of possessing and receiving child

4

pornography "from places where minor children under the age of 18 congregate such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior written consent of his probation officer" not overbroad); *United States v. Shultz*, 733 F.3d 616 (6th Cir. 2013) (condition preventing defendant convicted of receiving and possessing child pornography from associating with a child without the prior approval of probation officer did not violate defendant's freedom to associate); *United States v. Schewe*, 603 F. App'x 805 (11th Cir. 2015) (condition preventing defendant from having contact with his son without prior approval from probation officer was upheld). Such conditions did not prevent defendants from exercising their religion.

The Court of Appeals for the Second Circuit has confirmed that a supervised release condition prohibiting contact with a minor without approval from a probation officer requires an "individualized inquiry" as to whether the condition is warranted under the circumstances. *United States v. McGeoch*, 546 F. App'x 44, 49 (2d Cir. 2013); *see also United States v. Myers*, 426 F.3d 117 (2d Cir. 2005) (defendant convicted of receiving child pornography could not be barred from visiting his son without inquiry by the district court whether the supervised release condition was reasonable).

### IV.  Application of Law to Facts

The condition not to attend religious services at which a minor is present touches on two interests protected under the First Amendment: the right to associate and the right to exercise religion. Defendant's conviction for receiving child pornography limits some rights under the First Amendment. The court must determine whether conditions are reasonably related to the objectives of his sentence and do not unnecessarily restrict him in his liberty to attend religious services.

5

"First Amendment rights may be curtailed only by the least drastic means." *Kahane*, 396 F. Supp. at 699 (citations omitted). Any limitation on exercise of religious freedom rights must be as narrow as practicable and clearly related to an appropriate governmental need. Limitations must affect prisoners and parolees with "the least denigration of the human spirit and mind consistent with the needs of a structured correctional society." *Id.* at 702 (failing to provide Jewish prisoner with kosher meals deprived him of his First Amendment right); *see also Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972) (although clergy need not be provided to every sect "regardless of size," comparable opportunities for religious practices must be offered); *Holt v. Hobbs*, 135 S. Ct. 853 (2015) (prison grooming policy substantially burdened Muslim prisoner's exercise of religion); *Lovelace v. Lee*, 472 F.3d 174 (4th Cir. 2006) (preventing prisoner from attending religious observances during Ramadan once he allegedly broke Ramadan fast was not the least restrictive means of furthering a compelling government interest); *Bass v. Coughlin*, 976 F.2d 98, 99 (2d Cir. 1992) ("[P]rison officials must provide a prisoner a diet that is consistent with his religious scruples."). A condition that prevents defendant from attending his place of worship because minors attend the same services is not the least drastic means of ensuring the public's safety. It violates defendant's right to religious observance.

No compelling government interest justifies prohibiting attending religious services where a minor is present. The court takes judicial notice that minors are frequently present at religious services. In the instant case they were usually present so that the condition effectively prevented defendant from attending the church of his choice with his father.

Defendant resides with his mother and father, who have expressed their emotional support for him since his release. Aug. 19 S.R., at 9. His father accompanies him to church, and

helps ensure that defendant is following the condition of his release that he not interact with minors without supervision.  Hr'g Tr., at 16:12-17:16.

Defendant must seek permission from the Probation Department before being in the company of minors at church.  Defendant's probation officer indicated that he would grant defendant "blanket approval" to attend church services, ensure that defendant was accompanied by an adult, and make the church's pastor aware of this condition.  *Id.* at 17:8-19:22.  Given these precautions, it is not necessary for the protection of minors to prevent defendant from attending church services where minors are present.

The condition, now lifted, impedes rehabilitation, one of the primary goals of supervised release.  Participating in religious services can assist past offenders to return to their community and avoid recidivism.  *See, e.g.*, *Reentry Program – Recidivism Reduction*, ALEPH INST., http://aleph-institute.org/wp/programs/reentry-services/ (last visited Sept. 19, 2016); Hr'g Tr. at 14:10-14:12.

While a defendant is incarcerated, he can benefit from the help of chaplains, who are employed in federal prisons to help meet the religious needs of defendants.  After they are released it is often critical that defendants who wish to attend religious services be permitted to do so.

Defendant has a right to attend church services.  Preventing him from going to his place of worship because the services are also attended by minors unnecessarily burdens that right.  It is reasonable to apply a condition that defendant not physically touch minors while attending church services, unless doing so is a part of his religious obligation.  Hr'g Tr. at 16:5-17:7.  This condition is narrowly tailored.  It strikes the necessary balance of allowing defendant to exercise his freedom to associate and participate in religious services, while protecting minors.

7

## V. Conclusion

The condition imposed by the magistrate judge that defendant not attend religious services with minors is vacated as unconstitutional. It is modified so that defendant may attend services if he obtains advance consent and does not physically touch the minors attending the services unless touching is a part of the service.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 20, 2016
Brooklyn, New York

8